# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **LORI CHAVEZ-DEREMER,** Secretary of Labor, U.S. Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **KYOTO HIBACHI AND SUSHI, LLC,** a Wisconsin limited liability company; **SERVICE HOSPITALITY, LLC,** a Wisconsin limited Liability company, d/b/a Two Rivers Coffee; and **SIN "ANDY" SIT, an individual,** | ) ) Case Number: ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

## COMPLAINT

Pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, Plaintiff **Lori Chavez-DeRemer**, Secretary of Labor, U.S. Department of Labor ("Secretary"), brings this action to enjoin and restrain Defendants Kyoto Hibachi and Sushi LLC, a Wisconsin limited liability company; Service Hospitality LLC, a Wisconsin limited liability company, d/b/a Two Rivers Coffee; and Sin "Andy" Sit, an individual (collectively, "Defendants"), from violating Sections 3(m)(2)(B), 6, 7, 11, 15(a)(2), and 15(a)(5) of

the FLSA to recover unlawfully kept tips and unpaid compensation owed to Defendants' employees, plus an equal amount in liquidated damages pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c).

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. That investigation reviewed Defendants' employment and pay practices from April 17, 2022, through April 16, 2024 ("the Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period. Throughout the Investigation Period, Defendants violated Sections 3(m)(2)(B), 6, 7, 11, 15(a)(2), and 15(a)(5) of the FLSA by improperly deducting tips from servers, and front-of-house sushi chefs and hibachi chefs; failing to pay some employees at least 1.5 times their regular rates of pay for all hours worked over 40 in a workweek; and failing to make and maintain accurate records required under the FLSA and its corresponding regulations. Therefore, Defendants are liable for tips and wages owed to these employees, plus an equal amount in liquidated damages.

### Jurisdiction and Venue

1. Jurisdiction in this action is conferred upon the Court by Sections 16(c) and 17 of the FLSA (29 U.S.C. §§ 216(c), 217) and 28 U.S.C. §§ 1331, 1345.

2. Venue is proper in the United States District Court for the Western District of Wisconsin because the events or omissions giving rise to the claims occurred in this judicial district.

## Defendants

3.      Defendant Kyoto Hibachi and Sushi LLC ("Kyoto Hibachi") is a Wisconsin limited liability corporation that operates a full-service restaurant at 1425 Wisconsin Dells Parkway, Wisconsin Dells, Wisconsin 53965, within the jurisdiction of this Court.

4.      Defendant Service Hospitality LLC, d/b/a Two Rivers Coffee ("Two Rivers Coffee"), is a Wisconsin limited liability corporation that operated a coffee shop located at 224 W. Wisconsin Street, Portage, Wisconsin 53901, within the jurisdiction of this Court.

5.      Defendant Sin "Andy" Sit ("Sit") owns 70 percent of Kyoto Hibachi and actively managed and supervised Kyoto Hibachi's operations and employees. Among other things, Defendant Sit has hired and fired employees and determined pay practices for Kyoto Hibachi and its employees. Defendant Sit has acted directly or indirectly in Kyoto Hibachi's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

6.      Defendant Sit is a part owner of Two Rivers Coffee and actively managed and supervised Two Rivers Coffee's operations and employees . Among other things, Defendant Sit set employees' schedules in coordination with their work schedules at Defendant Kyoto Hibachi. Defendant Sit has acted directly or indirectly in Two Rivers Coffee's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7.      Defendants engaged in business in Columbia County, Wisconsin, within the Court's jurisdiction.

### The FLSA Applies to Defendants

8.      Defendants Kyoto Hibachi and Two Rivers Coffee are an "enterprise" under the FLSA due to their related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9.      Defendants Kyoto Hibachi and Two Rivers Coffee are an enterprise engaged in commerce within the meaning of Section 3(s) of the FLSA because they have (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 . 29 U.S.C. § 203(s)(1)(A):

   a. Two or more employees at Defendants Kyoto Hibachi and Two Rivers Coffee regularly handled food and drinks transported through interstate commerce;

   b. Two or more employees at Defendant Kyoto Hibachi managed sales and staff through the Cool Bee POS operating system, which originated in Flushing, New York, and, upon information and belief, operated across state lines through data networks;

   c. Two or more employees at Defendant Kyoto Hibachi regularly handled goods – including register tape, office supplies, janitorial supplies, and electronic equipment – transported through interstate commerce;

4

Two or more employees at Defendant Two Rivers Coffee processed sales using Toast POS, a cloud-based point-of-sale management system originating in Boston, Massachusetts, which, upon information and belief, operated across state lines through Toast's servers and cloud insfrastructure.

## Defendants Were Joint Employers

10.    Defendants Kyoto Hibachi and Two Rivers Coffee are joint employers of the employees under the FLSA because the companies—through Defendant Sit and at his discretion—treated certain employees as a common labor pool by scheduling and directing Two Rivers Coffee employees to work at Kyoto Hibachi when their shifts at Two Rivers Coffee were completed.

11.    Defendants Kyoto Hibachi and Two Rivers Coffee are also joint employers of the employees under the FLSA because the companies—through Defendant Sit and at his discretion—controlled the conditions of employment at each company, and the companies were under common control, and had common ownership and management:

a.  Defendant Sit is 70% owner of Defendant Kyoto Hibachi and part owner of Two Rivers Coffee;

b.  Defendants Kyoto Hibachi and Two Rivers Coffee shared the services of employees;

c.  Defendants Kyoto Hibachi and Two Rivers Coffee set work schedules for employees at both Defendants Kyoto Hibachi and Two Rivers Coffee,

5

including coordinating their work schedules so that certain employees could work at both during certain workweeks;

d.  Defendants Kyoto Hibachi and Two Rivers Coffee set pay rates for employees at both Defendants Kyoto Hibachi and Two Rivers Coffee;

e.  Defendants Kyoto Hibachi and Two Rivers Coffee had virtually identical employee handbooks; and

f.  Defendants Kyoto Hibachi and Two Rivers Coffee shared payroll processing.

12.    Thus, Defendants Kyoto Hibachi and Two Rivers Coffee are jointly and severally liable for all violations set forth in this Complaint, and when an employee worked at Kyoto Hibachi and Two Rivers Coffee during any single workweek, the employee's total hours worked at both locations during that workweek should be aggregated for determining overtime due.

## FLSA Violations

### Tip Violations

13.    Section 3(m)(2)(B) provides that an employer may not keep tips received by its  employees for any purposes, including allowing managers and supervisors to keep any portion of employees' tips, regardless of whether the employer takes a tip credit under section 3(m)(2)(A). 29 U.S.C. § 203(m)(2)(B).

14.    Defendants Kyoto Hibachi and Sit violated Section 3(m)(2)(B) of the FLSA when they kept tips intended for their employees.

15.    Defendants Kyoto Hibachi and Sit paid servers, sushi chefs, and hibachi chefs between $10 and $21 per hour plus tips.

16.    Defendants Kyoto Hibachi and Sit informed some servers, sushi chefs, and hibachi chefs that they were including tips in their hourly wages.

17.    Defendants Kyoto Hibachi and Sit had no tip-credit agreement with the employees.

18.    Defendants Kyoto Hibachi and Sit did not institute a tip pool.

19.    Customers gave tips to servers, sushi chefs, and hibachi chefs, either by including tips as part of their total cash payment or including a tip amount when paying by credit card.

20.    Defendants Kyoto Hibachi and Sit collected all sales, tips (including cash tips and credit card tips), and service charges at the end of each night, then bundled them together by date. Defendant Sit collected the bundled amounts 1-2 times per month.

21.    Except for occasional cash tips handed directly to employees, outside of the payment of the bill the restaurant provided the customer, Defendants Kyoto Hibachi and Sit kept the vast majority if not all tips intended for Defendants' servers, sushi chefs, and hibachi chefs.

22.    Because Defendants Kyoto Hibachi and Sit unlawfully kept employees' tips, they violated Section 3(m)(2)(B) of the Act.

23.    As a result, Defendants Kyoto Hibachi and Sit must reimburse employees for the tips they kept from them. 29 U.S.C. §§ 203(m)(2)(B), 216(c).

7

## Minimum Wage Violations

24.    Defendants Kyoto Hibachi and Sit violated Sections 16 and 15(a)(2) of the FLSA when they failed to pay a sushi/hibachi chef and a server a minimum wage of at least $7.25 per hour worked. 29 U.S.C. § 206(a).

25.    Defendants Kyoto Hibachi and Sit unlawfully deducted two employees' pay to cover costs they claimed were tied to the visa application process.

26.    Defendants Kyoto Hibachi and Sit were unable to produce documentation substantiating the legitimacy or total amounts of these deductions, which were primarily for the benefit of Defendants.

27.    The deductions, which totaled approximately $30,000 for the two employees, pushed the employees' pay below the minimum wage in certain workweeks.

## Overtime Violations

28.    Defendants Kyoto Hibachi, Two Rivers Coffee, and Sit violated Sections 7 and 15(a)(2) of the FLSA when they failed to pay some employees 1.5 times their regular rates for hours worked in excess of 40 in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

29.    Defendants Kyoto Hibachi and Sit misapplied the executive exemption to a Hostess/Manager who ran the day-to-day operations of Defendants' restaurant (including payroll, hiring staff, and collecting all sales, tips, and service charges). The exemption was not met because the employee was paid an hourly wage and not

"[c]ompensated on a salary basis at not less than $684 per week" as required by 29 C.F.R. §§ 541.100(a)(1) and 600(a).

30.    Defendants Kyoto Hibachi and Sit told two employees that they would need to work 70 hours per week to receive their full monthly salary. Defendants treated this salary as payment for all hours worked, regardless of the number, and failed to pay them 1.5 times their regular rate of pay for hours over 40 in a workweek as required by 29 U.S.C. § 207. The employees did not qualify for any exemption from the FLSA's overtime requirements.

31.    Defendants paid 5 employees straight-time pay for all hours worked, including hours over 40 in a workweek.

## Recordkeeping Violations

32.    Defendants Kyoto Hibachi and Sit violated Sections 11 and 15(a)(2) of the FLSA when they failed to make, keep, and preserve records of hours worked and pay earned by non-exempt employees. 29 U.S.C. § 211; 29 C.F.R. §§ 516(a)(6)-(9).

a.    Defendants Kyoto Hibachi and Sit did not maintain complete time records and pay records for the entire Investigation Period.

b.    Defendants kept only partial employee records that did not have the full names, addresses, and phone numbers of employees.

## Remedies Sought

33.    As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A unpaid tips, back wages, and liquidated damages, under 29

9

U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional unpaid tips, back wages and liquidated damages to employees.

34.     Defendants may also owe additional unpaid tips, back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Secretary.

### Request for Relief

As a result of Defendant's FLSA violations, the Secretary respectfully requests this Court enter an Order:

a.     Under Section 17 of the FLSA and pursuant to the Court's inherent authority, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 3(m)(2)(B), 6, 7, 11, 15(a)(2), and/or 15(a)(5) of the FLSA. 29 U.S.C. § 217.

b.     Under Section 16(c) of the FLSA and pursuant to the Court's inherent authority, finding Defendants liable for unpaid tips and minimum and overtime wages—plus an equal amount in liquidated damages—owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

c.     If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid

10

compensation, including tips, found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

    d.    Providing such other legal and equitable relief as may be necessary and appropriate.

    e.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

**JONATHAN BERRY**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Travis W. Gosselin*
**TRAVIS W. GOSSELIN**
Senior Trial Attorney

IL Bar No. 6282984

Attorney for Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street,
Suite 844
Chicago, IL 60604

11

# Exhibit A

1. M. Alvardo
2. J. Amorim
3. S. Ayden
4. R. Baez
5. Y. Chan
6. C. Chui
7. E. Corets Salas
8. G. Cruz
9. M. Gomez
10. P. Martinez
11. N. Mendoza
12. I. Montes
13. B. Neng
14. E. Nominchuluun
15. K. Radnatseren
16. B. Ramirez
17. E. Santos
18. A. Rojas
19. E. Santos Morales
20. S. Sezer
21. B. [unknown]
22. D. [unknown]
23. J. [unknown]
24. K. [unknown]
25. M. [unknown]
26. Y. [unknown]